IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TREVOR KELLEY,<br><br>                Plaintiff,<br>v.<br><br>CAFE RIO, INC.,<br>D.B.A. CAFE RIO,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>Case No. 2:17-CV-783 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Cafe Rio's ("Defendant") Motion to Dismiss for Lack of Jurisdiction. For the reasons set forth below, the Court will grant the Motion.

I. BACKGROUND

Plaintiff Trevor Kelley ("Plaintiff") has been diagnosed with Arthrogryposis Multiplex Congentia, which severely limits his physical abilities and requires him to rely on a wheelchair for mobility. Plaintiff visited Defendant's place of business located in Draper, Utah, on or about February 27, 2017. Plaintiff alleges that upon his visit to Defendant's establishment, he was "prevented from the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of Defendant's [business] due to Defendant's violation of the [Americans with Disabilities Act ("ADA")] and its accompanying Accessibility Guidelines."[1] Plaintiff alleges Defendant violated the ADA by (1) positioning a soap dispenser more than

---

[1] Docket No. 2, at 6.

1

forty-eight inches above the ground and (2) failing to provide accessible parking space identification signs sixty inches above the ground.

Plaintiff filed his Complaint against Defendant alleging the above ADA violations on July 13, 2017. Defendant filed this Motion to Dismiss on August 22, 2017. In its Motion, Defendant does not dispute that the violations occurred, but states that the violations have since been remedied. Specifically, Defendant alleges that the soap dispenser has been permanently fixated at a height in compliance with the ADA and that, although the parking lot is not owned or maintained by Defendant, Defendant notified the landlord of the allegations, and the landlord has since raised the height of the handicap parking signs to be ADA compliant. Defendant, therefore, moves to dismiss this matter under Rule 12(b)(1) of the Federal Rules of Civil Procedure, contending this Court lacks subject matter jurisdiction to resolve the matter because the violations alleged in Plaintiff's Complaint are now moot.

## II. STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.[2] "Rule 12(b)(1) motions can take the form of either a 'facial' or a 'factual' attack on the court's subject matter jurisdiction."[3] Here, Defendant's Motion alleges the claims are moot based on its substantial remediation and therefore challenges the Court's jurisdiction on a factual basis.

> When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. [A] court

---
[2] *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974).
[3] *Ingram v. Faruque*, 728 F.3d 1239, 1242 (10th Cir. 2013).

has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.[4]

Plaintiff argues the Court should convert Defendant's Motion to a 12(b)(6) motion or a motion for summary judgment and take all the facts alleged in the Complaint as true. "A court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion [only if] resolution of the jurisdictional question is intertwined with the merits of the case."[5] The jurisdictional facts are not intertwined with the merits of this case. The facts related to the merits of the case concern whether the violations of the ADA occurred. The jurisdictional facts concern the remedial efforts taken by Defendant, which have not been controverted by Plaintiff. The Court will therefore analyze the Motion under the 12(b)(1) standard stated above.

## III. DISCUSSION

Defendant's Motion states that Plaintiff's claims should be dismissed because Defendant has voluntarily remedied the alleged ADA violations, therefore rendering Plaintiff's claims moot. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."[6] In determining whether a controversy is "live," "[t]he crucial question is whether 'granting a present determination of the issues offered

---

[4] *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

[5] *Id.*

[6] *McClendon v. City of Albuquerque,* 100 F.3d 863, 867 (10th Cir. 1996).

will have some effect in the real world.'"⁷ The controversy must remain live throughout the entire proceeding.⁸ "A federal court must order dismissal for mootness if the controversy ends prior to a decision even if a justiciable controversy existed when the suit began."⁹

In cases involving alleged ADA violations, courts have found a defendant's voluntary remedial efforts may moot the litigation under certain circumstances.¹⁰ This is because Title III of the ADA provides only for injunctive relief, not monetary damages.¹¹ Therefore, once a defendant has voluntarily complied with the injunctive relief that would otherwise be ordered by a court, no further controversy exists and the case is moot.

However, voluntary cessation of alleged offensive conduct can moot litigation only "if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction."¹² This requirement "exists to counteract the possibility of a defendant ceasing illegal action long enough to render a lawsuit moot and then resuming the illegal conduct."¹³ "The party asserting mootness bears the 'heavy burden of persuading' the court that the challenged conduct cannot

---

⁷ *Citizens for Responsible Gov't State Political Action Comm. v. Davidson,* 236 F.3d 1174, 1182 (10th Cir. 2000) (quoting *Kennecott Utah Copper Corp. v. Becker*, 186 F.3d 1261, 1266 (10th Cir. 1999)).

⁸ *See Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("The case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.") (quotation marks omitted).

⁹ *Citizen Ctr. v. Gessler,* 770 F.3d 900, 906 (10th Cir. 2014).

¹⁰ *See Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130–31 (C.D. Cal. 2005).

¹¹ *Id.* at 1130.

¹² *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1115 (10th Cir. 2010) (quoting *Nat'l Advert. Co. v. City of Miami,* 402 F.3d 1329, 1333 (11th Cir. 2005) (per curiam)).

¹³ *Id.* (quotation marks omitted).

4

reasonably be expected to start up again."[14] "Such a burden will typically be met only by changes that are permanent in nature and that foreclose a reasonable chance of recurrence of the challenged conduct."[15]

Here, Defendant alleges that it remedied the alleged ADA violations by (1) permanently reaffixing the public restroom soap dispenser to be compliant with the ADA's forty-eight-inch requirement; (2) notifying the owner of the violations in the common area parking lot, which the owner has since remedied; and (3) taking preventative measures by implementing an ADA checklist that is now part of a weekly site check performed by Defendant's Director of Facilities and facilities team.

Defendant cites to several cases in support of its argument that its remedial efforts have rendered Plaintiff's Complaint moot. In *Tandy v. Wichita*, disabled passengers brought suit against the city transit system for various violations of the ADA. Following the initiation of the suit, the city remedied each of the violations by changing its policy so all fixed bus routes were accessible, each bus on the fixed bus routes included a lift, and drivers were directed to always deploy lifts for disabled riders. The Tenth Circuit found that "[n]othing in the record suggest[ed] that Wichita Transit intend[ed] to resume its discontinued policies if [the] case [was] dismissed as moot," and dismissed the case finding that "it [was] 'absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.'"[16]

---

[14] *Id.* at 1116 (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 189 (2000)).

[15] *Tandy v. City of Wichita*, 380 F.3d 1277, 1291 (10th Cir. 2004).

[16] *Id.* (quoting *Laidlaw*, 528 U.S. at 698).

5

In *Bacon v. Walgreen Co.*,[17] the plaintiff—a man confined to a wheelchair—brought suit after he was injured while attempting to pass through two electronic sensors placed at either side of the exit doors located at the defendant's place of business. The defendant filed a motion to dismiss after it permanently widened the placement of the sensors to be ADA compliant. Applying the same standard adopted by the Tenth Circuit, the District Court for the Eastern District of New York found "no reason whatsoever why defendant would wish to position the sensors in a narrower width," and further found "no evidence suggesting that [the defendant] intend[ed] to move the sensors."[18] As a result, the court held that it could not reasonably find that the defendant would move the security sensors back to their original position and dismissed the case as moot.

Similarly, in *National Alliance for Accessibility, Inc. v. Walgreens Co.*,[19] the plaintiff brought suit against the defendant for the defendant's failure to comply with a number of ADA requirements. Again, the defendant argued the plaintiff's claims were moot after it remedied the violations by making permanent alterations to its facility. The District Court for the Middle District of Florida noted that, in cases dismissing ADA claims as moot as a result of voluntary secession, "courts have generally found that the alleged discrimination cannot reasonably be expected to recur because structural modifications are unlikely to be altered in the future."[20] Agreeing with the cited opinions, the court dismissed the case as moot, finding that, "[b]ecause Walgreens ha[d] invested substantial resources to make its store ADA-compliant, it would be

---

[17] 91 F. Supp. 3d 446 (E.D.N.Y. 2015).

[18] *Id.* at 452.

[19] No. 3:10-CV-780-J-32-TEM, 2011 WL 5975809 (M.D. Fla. Nov. 28, 2011).

[20] *Id.* at *3 (internal quotation marks omitted).

unreasonable to think that Walgreens would remove the improvements or otherwise violate the ADA after the case [was] dismissed."[21]

In addition to the cases cited by Defendant, an opinion recently issued in this Court offers further support for dismissal. In *Shelton v. Cafe Rio, Inc.*,[22] the plaintiff brought suit against Cafe Rio for its failure to have a van accessible handicap sign installed in its parking lot, as required by the ADA. As in this case, Cafe Rio filed a motion to dismiss arguing its permanent installation of a van accessible handicap sign in its parking lot mooted the plaintiff's claim.[23] The Honorable Dale A. Kimball held that the plaintiff offered "no legitimate reason why Cafe Rio would desire to dig up the cemented sign if the case was dismissed as moot."[24] Therefore, Judge Kimball dismissed the case finding the violation was not likely to recur.

The case at hand is directly in line with the above-cited cases. Defendant permanently repositioned the violating soap dispenser to be compliant with the ADA guidelines and notified the property owner of the parking lot violations, which the owner remedied. Defendant also implemented an ADA checklist to ensure future compliance with all ADA requirements. Plaintiff has not offered any evidence that Defendant intends to reaffix its soap dispenser at a higher, non-compliant location, or remove the signs in the parking lot at the close of these proceedings. Nor has Plaintiff offered any reasons why Defendant might be motivated to invest in said changes and risk further litigation on the matter.

---

[21] *Id.*

[22] No. 1:17-CV-00070, 2017 WL 4402425 (D. Utah Oct. 2, 2017).

[23] *Id.*

[24] *Id.* at *3.

Plaintiff argues that Defendant has not met its heavy burden to prove it will not return to its old ways. In support of its argument, Plaintiff cites to *Sheely v. MRI Radiology Network Inc.*[25] In *Sheely*, the plaintiff—a blind woman—brought suit under the ADA after she and her seeing-eye dog were denied entry to certain areas of the defendant's facility on account of the defendant's policy to restrict animals to certain areas. In a motion for summary judgment, the defendant moved to dismiss the claim as moot after professing not to revive the challenged practice. The Eleventh Circuit found evidence on the record that (1) the violation was not an isolated incident and was supported by higher-level employees; (2) the defendant was "motivated by a desire to avoid liability;" and (3) defendant failed to acknowledge its wrongdoing and "consistently urged the validity of its actions toward [the plaintiff]."[26] As a result, the circuit court overturned the lower court and held that the defendant failed to meet its "'formidable,' heavy burden of persuading the court the challenged conduct [could not] reasonably be expected to start up again."[27]

The facts in the case at hand are clearly distinguishable from the facts in *Sheely*. Most notably, unlike Defendant, the *Sheely* defendant made no structural changes that were permanent in nature, but instead only professed not to revive an unwritten policy. *Sheely* is therefore not persuasive. As discussed, Plaintiff has provided no evidence or reasoning supporting that Defendant is likely to bear the cost of undoing its remedial efforts only to defy the ADA requirements and risk further litigation.

---

[25] 505 F.3d 1173 (11th Cir. 2007).

[26] *Id.* at 1186–87.

[27] *Id.* at 1184.

Defendant has remedied or assisted in remedying each of the ADA violations alleged in Plaintiff's Complaint. The changes are permanent in nature, and there is no evidence or logical reasoning suggesting Defendant will return to its offending practices. The Court therefore finds that the alleged ADA violations are not reasonably likely to recur and will dismiss the matter as moot.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant Cafe Rio's Motion to Dismiss for Lack of Jurisdiction (Docket No. 7) is GRANTED.

DATED this 15th day of November, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge